<u>NOT FOR PUBLICATION</u>                                    [Dkt. No. 18, 23]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JUDITH MCCLEARY and TERRY MCCLEARY,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF WILDWOOD,<br><br>        Defendant. | Civil No. 09-2876 RMB/JS<br><br>**MEMORANDUM ORDER** |

Appearances:

    Eric G. Zajac
    Zajac & Arias, LLC
    1818 Market Street
    30th Floor
    Philadelphia, PA 19103
        Attorneys for Plaintiffs

    Erin R. Thompson
    Powell, Birchmeier & Powell, Esqs.
    1891 State Highway 50
    P.O. Box 582
    Tuckahoe, NJ 08250-0582
        Attorney for Defendant

**BUMB**, United States District Judge:

    This matter comes to the Court upon the motion of Defendant City of Wildwood ("Defendant") for summary judgment and upon the motion of Plaintiffs Judith and Terry McCleary ("Plaintiffs") to dismiss Defendant's summary judgment motion due to procedural deficiencies.  (Dkt. No. 18, 23).

Plaintiffs argue that Defendant's summary judgment motion should be dismissed because it was untimely filed and lacked a statement of material facts not in dispute. Plaintiffs are correct that Local Civil Rule 56.1 requires that a movant provide such a statement to the Court upon pain of dismissal. <u>See</u> L.Civ.R. 56.1. Here, however, it appears that the City incorporated its statement of undisputed material facts within the "Statement of Facts" of its moving brief. <u>See</u> Dkt. No. 18 at page 10. Defendant's Statement of Facts sets forth "separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion," as required by the Local Rule. The Court thus considers Defendant to be in substantial compliance with Local Rule 56.1 and will not dismiss Defendant's motion on this ground. <u>See</u> <u>Williams v. Atlantic City Dept. of Police</u>, No. 08-4900, 2010 WL 2265215, at *2 (D.N.J. June 2, 2010) (excusing noncompliance with L.Civ.R. 56.1 "by finding substantial compliance with the rule"). Future submissions to the Court, however, should clearly indicate that the facts, as stated, are not in dispute.

More troubling is Plaintiffs' argument that Defendant's summary judgment motion must be dismissed because it was filed over a month past the deadline for dispositive motions set by the Court. A review of the docket reveals that the motion was filed past the deadline and that no extension was requested.

Before asking the Court to consider its motion for summary judgment, Defendant was required to comply with Rule 6(b)(1)(B), which permits a Court to extend time for filing "on motion made after the time has expired if the party failed to act because of excusable neglect."  See Drippe v. Tobelinski, 604 F.3d 778, 784-85 (3d Cir. 2010).  Thus, in the absence of a formal motion made to extend time, the Court must dismiss Defendant's motion for summary judgment.

Such dismissal will be without prejudice, however, so as to permit Defendant the opportunity to move for an extension and show that the motion was untimely due to excusable neglect. Additionally, should the parties wish to forego further briefing of this matter, the Court will construe Defendant's opposition to Plaintiff's motion to dismiss the summary judgment motion as a formal motion made pursuant to Rule 6(b)(1)(B) upon submission of a letter by Plaintiff stating that Plaintiff has no objection to Defendant's opposition papers being so construed and that Plaintiff desires no additional briefing on the issue.

Accordingly, for the above reasons,

**IT IS** on this, the **10th** day of **January 2011**, hereby

**ORDERED** that Plaintiffs' motion seeking dismissal of Defendant's summary judgment motion is **GRANTED**, and Defendant's motion for summary judgment is **DISMISSED WITHOUT PREJUDICE.**

s/Renée Marie Bumb  
RENÉE MARIE BUMB

                                           UNITED STATES DISTRICT JUDGE